|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON, )
) 2:06-cv-0445-GEB-KJM
        Plaintiff, )
)
   v. ) ORDER RE:  SETTLEMENT
) AND DISPOSITION
1 DAY PROPERTIES, INC., a )
California corporation; 1 DAY )
PAINT & BODY CENTERS, INC., )
individually and d/b/a 1 DAY )
PAINT & BODY; and DOES 1 )
through 10, inclusive, )
)
        Defendants. )
_____ )

On May 22, 2006, Defendants filed a Notice of Settlement in which they state "the parties have settled this action" and "[d]ispositional documents will be filed within (20) calendar days." Therefore, a dispositional document shall be filed no later than June 12, 2006. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See L.R. 16-160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

/////

/////

1  The status conference scheduled for June 19, 2006, is reset for hearing on August 28, 2006, in the event that no dispositional document is filed, or if this action is not otherwise dismissed. Further, a joint status report shall be filed fourteen days prior to the status conference.[1]

IT IS SO ORDERED.

Dated:  May 23, 2006

> /s/ Garland E. Burrell, Jr.
> GARLAND E. BURRELL, JR.
> United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that an action has been settled does not justify removal of the action from a district court's trial docket. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).